UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RODOLFO MALDONADO, Individually and on behalf of all others similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>EDDIE GARZA SECURITY & INVESTIGATIONS, EDDIE GARZA and AMANDA GARZA<br><br>*Defendants.* | Civil Action No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff Rodolfo Maldonado brings this action individually and on behalf of all current and former non-exempt security guards (hereinafter "Plaintiff and the FLSA Collective Members") who worked for Eddie Garza Security & Investigations, Eddie Garza and/or Amanda Garza (collectively "Defendants" or "Garza Security"), at any time from June 12, 2015 through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

2. Plaintiff and the FLSA Collective Members are those similarly situated persons who worked for Defendants at any time since June 12, 2015 through the final disposition of this matter.

3. Plaintiff and the FLSA Collective Members are non-exempt security guards who were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. Plaintiff and the FLSA Collective Members routinely worked (and work) in excess of forty (40) hours per workweek.

5. The decision by Defendants not to pay overtime compensation to Plaintiff and the FLSA Collective Members was neither reasonable nor in good faith.

6. Defendants knowingly and deliberately failed to compensate Plaintiff and the FLSA Collective Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7. Plaintiff and the FLSA Collective Members did not and currently do not perform work that meets the definition of exempt work under the FLSA. Specifically, Plaintiff and the FLSA Collective Members performed routine and manual labor type job duties as security guards.

8. Plaintiff and the FLSA Collective Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiff also prays that all similarly situated workers (FLSA Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

10. Plaintiff Rodolfo Maldonado ("Plaintiff" or "Maldonado") worked for Defendants within the meaning of the FLSA during the relevant time period. Plaintiff Maldonado did not receive

overtime at a rate of at least one and one-half his regular rate for all hours worked in excess of forty (40) hours per workweek.[1]

11. The FLSA Collective Members are those similarly situated employees who worked for Defendants during the relevant time period and have been subjected to the same illegal pay system under which Plaintiff Maldonado worked and was paid.

12. Eddie Garza Security & Investigations is an entity operating in the State of Texas without filing with the Texas Secretary of State. On information and belief, Eddie Garza Security & Investigations is a sole proprietorship that is owned and operated by Eddie Garza and may be served by serving Eddie Garza at: **4333 Kostoryz Road, Corpus Christi, Texas 78415**.

13. On information and belief, Eddie Garza is an owner of Eddie Garza Security & Investigations and an employer as defined by 29 U.S.C. § 203(d). Along with Defendant Amanda Garza, Eddie Garza employed or jointly employed Plaintiff and the FLSA Collective Members. Eddie Garza may be served with process at: **4333 Kostoryz Road, Corpus Christi, Texas 78415**, **or wherever he may be found.**

14. On information and belief, Amanda Garza is an owner of Eddie Garza Security & Investigations and an employer as defined by 29 U.S.C. § 203(d). Along with Defendant Eddie Garza, Amanda Garza employed or jointly employed Plaintiff and the FLSA Collective Members. Amanda Garza may be served with process at: **4333 Kostoryz Road, Corpus Christi, Texas 78415**, **or wherever she may be found.**

15. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Garza Security and Plaintiff and the FLSA Collective Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the

---

[1] The written consent of Rodolfo Maldonado is attached hereto as Exhibit "A."

applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

16. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

17. This Court has personal jurisdiction over Defendants because the cause of action arose within this district as a result of Defendants' conduct within this District and Division.

18. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19. Specifically, Eddie Garza Security & Investigations is headquartered in Corpus Christi, Texas and Plaintiff Maldonado worked for Defendants in Corpus Christi, Texas, all of which are located in this District and Division.

20. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

21. Defendant Eddie Garza Security & Investigations provides armed and unarmed guards for its customers' residences, businesses, and events.[2] All of Defendants' security officers—Plaintiff and the FLSA Collective Members—undergo thorough background checks and receive the same basic training to perform their jobs.

22. Defendant Eddie Garza is a co-owner and operator of Eddie Garza Security & Investigations and is an employer as defined by 29 U.S.C. § 203(d).

---

[2] http://www.eddiegarzasecurity.com.

23. Defendant Amanda Garza is a co-owner and operator of Eddie Garza Security & Investigations and is an employer as defined by 29 U.S.C. § 203(d).

24. Defendants are joint employers pursuant to 29 C.F.R. § 791.2.

25. Defendants directly or indirectly hired Plaintiff and the FLSA Collective Members, controlled their work schedules and conditions of employment, and determined the rate and method of the payment of wages.

26. Defendants maintained control, oversight, and direction over Plaintiff and the FLSA Collective Members, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

27. Defendants mutually benefitted from the work performed by Plaintiff and the FLSA Collective Members.

28. Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and the FLSA Collective Members.

29. Defendants shared the services of Plaintiff and the FLSA Collective Members. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and the FLSA Collective Members.

30. Specifically, Defendants dictated the practice goals and what pressing or tactical items needed to be done in order to meet the goals of the respective Defendants and/or their clients.

31. Moreover, all Defendants have the power to hire and fire Plaintiff and the Putative Class. Members; supervise and control Plaintiff and the FLSA Collective Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.

32. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

33. Plaintiff and the FLSA Collective Members' jobs consisted (or consist) of driving to Defendants' clients' establishments, monitoring the premises for unlawful activity, and protecting persons and property in the event problems arose.

34. If any problems arose involving altercations with other people, Plaintiff and the FLSA Collective Members were required to call law enforcement who would ultimately address those problems. Plaintiff and the FLSA Collective Members were (or are) required to wear the same, or substantial similar, uniforms when reporting to work.

35. Plaintiff and the FLSA Collective Members were (or are) non-exempt security guards paid by the hour.

36. Plaintiff Maldonado was employed by Defendants as a security guard from approximately 1995 until July 2, 2017.

37. Plaintiff and the FLSA Collective Members routinely worked (and continue to work) more than forty (40) hours each week. In fact, Plaintiff Maldonado regularly worked between fifty-five (55) and sixty (60) hours each week during his employment with Defendants.

38. Upon information and belief, Defendants' time-keeping practice was (and continues to be) to record their security guards' hours in two sets of records, an official and unofficial version.

39. The official (and false) version of Defendants' records reflect that each security guard worked exactly forty (40) hours each week.

40. The unofficial (and accurate) version of Defendants' records reflect Plaintiff and the FLSA Collective Members' true weekly hours, which are far in excess of forty (40) hours each week.

41. Defendants paid Plaintiff and the Putative Class based on their actual hours worked, but paid for all hours over forty (40) "under the table," covertly, and without any adjustment for the overtime rate of compensation.

42. Thus, Plaintiff and the Putative Class Members were not (and continue not to be) compensated for all the overtime hours they worked for Defendants at a rate of at least one and one-half times their regular rates as a result of Defendants' corporate policy and practice of paying straight time for all hours worked.

43. Defendants employed (and continues to employ) other individuals who perform(ed) the same or similar job duties under the same pay scheme as Plaintiff Maldonado.

44. Defendants were (and continue to be) aware of their obligation to pay overtime for all hours worked in excess of forty (40) each week to Plaintiff and the FLSA Collective Members but failed to do so.

45. Because Defendants did not pay Plaintiff and the FLSA Collective Members time and a half for all hours worked in excess of forty (40) in a workweek, Defendants' pay policies and practices violated the FLSA.

## VI.
## CAUSE OF ACTION

**(Collective Action Alleging FLSA Violation)**

**A. FLSA COVERAGE**

46. All previous paragraphs are incorporated as though fully set forth herein.

47. The FLSA Collective is defined as:

**ALL SECURITY GUARDS WHO WORKED FOR EDDIE GARZA SECURITY & INVESTIGATIONS, EDDIE GARZA, AND/OR AMANDA GARZA, AT ANY TIME FROM JUNE 12, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE NOT PAID OVERTIME FOR ALL HOURS WORKED OVER FORTY IN ANY WORKWEEK. ("FLSA Collective" or "FLSA Collective Members")**

48. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

49. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

50. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA.

51. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

52. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 47.

53. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

**B.  FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

54. Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production

of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

55. Moreover, Defendants knowingly, willfully, and with reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

56. Defendants knew or should have known their pay practices were in violation of the FLSA.

57. Defendants are sophisticated parties and employers, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

58. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay them according to the law.

59. The decisions and practices by Defendants to not pay the proper amount of overtime for all hours worked was neither reasonable nor in good faith.

60. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C. COLLECTIVE ACTION ALLEGATIONS

61. All previous paragraphs are incorporated as though fully set forth herein.

62. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Defendants' employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were not paid.

63. Other similarly situated employees of Defendants have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

64. The FLSA Collective Members are defined in Paragraph 47.

65. Defendants' failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

66. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

67. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

68. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

69. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

70. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations.

71. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

72. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 47 and notice should be promptly sent.

# VII.
# RELIEF SOUGHT

73. Plaintiff respectfully prays for judgment against Defendants as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 47 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

    d. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

    e. For an Order awarding Plaintiff the costs and expenses of this action;

    f. For an Order awarding Plaintiff his attorneys' fees;

    g. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    h. For an Order awarding Plaintiff a service award as permitted by law;

    i. For an Order compelling the accounting of the books and records of Defendants; and

    j. For an Order granting such other and further relief as may be necessary and appropriate.

Date: June 12, 2018                    Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:    /s/ *Clif Alexander*
      **Clif Alexander**
      Federal I.D. No. 1138436
      Texas Bar No. 24064805
      clif@a2xlaw.com
      **Austin W. Anderson**
      Federal I.D. No. 777114
      Texas Bar No. 24045189
      austin@a2xlaw.com
      **Lauren E. Braddy**
      Federal I.D. No. 1122168
      Texas Bar No. 24071993
      lauren@a2xlaw.com
      **Alan Clifton Gordon**
      Federal I.D. No. 19259
      Texas Bar No. 00793838
      cgordon@a2xlaw.com
      **Carter T. Hastings**
      Federal I.D. No. 3101064
      Texas Bar No. 24101879
      carter@a2xlaw.com
      **George Schimmel**
      Federal I.D. No. 2338068
      Texas Bar No. 24033039
      geordie@a2xlaw.com
      819 N. Upper Broadway
      Corpus Christi, Texas 78401
      Telephone: (361) 452-1279
      Facsimile: (361) 452-1284

      ***Attorneys in Charge for Plaintiff and the Putative Class Members***